# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DAVID NEVILLE,

    Plaintiff,

v.

ALLY LUANGPHASY,

    Defendant.

CASE NO. C17-5119 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS

This matter comes before the Court on Defendant Ally Luangphasy's ("Defendant") motion for judgment on the pleadings (Dkt. 14). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants/denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On Janaury 10, 2017, Plaintiff David Neville ("Neville") filed a complaint against Defendant in the Clark County Superior Court for the State of Washington. Dkt. 1-2. Neville alleges that Defendant's faulty investigation as a caseworker for the state's child services department led to an inaccurate and harmful placement decision regarding his child. *Id*. After Neville was convicted and incarcerated for several crimes, Defendant

conducted an investigation resulting in Neville's son being removed from his biological mother's care and placed in another home. *Id*. Neville contends that Defendant should have placed his son with Neville's sister and her husband. *Id*. Neville asserts a claim for negligent investigation under state law, a claim for violation of his constitutional right to family unity, and a claim for intentional infliction of emotional distress. *Id*.

On February 14, 2017, Defendant removed the matter to this Court. Dkt. 1.

On March 31, 2017, Defendant filed a motion for judgment on the pleadings and issued a *Rand* notice informing Neville of the need to respond to the dispositive motion. Dkts. 14, 15. Neville, who is registered to receive electronic notice of documents filed in the case, did not respond to Defendant's motion.

## II. DISCUSSION

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058 (9th Cir. 2005). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

In this case, Neville is not entitled to a legal remedy under the facts alleged in the complaint. Regarding his federal claim, Neville fails to show a cause of action based on the allegations of a "negligent investigation." *See Petcu v. State*, 121 Wn. App. 36, 62–

67 (2004) (concluding no clearly established law for a "flawed investigation").
Therefore, the Court grants Defendant's motion on Neville's federal claim.

Regarding Neville's state law claims, he has failed to show that he exhausted his administrative remedies. Washington statutes "preclude tort claims against the state unless the plaintiff first files a tort claim with the state's risk management office at least 60 days before commencing the action . . . ." *Hyde v. Univ. of Washington Med. Ctr.*, 186 Wn. App. 926, 929 (2015), *review denied*, 184 Wn.2d 1005 (2015). "Dismissal is the proper remedy for failure to comply with these tort claim filing requirements." *Id*. Neville failed to file an administrative claim, so dismissal is the proper remedy.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. 14) is **GRANTED**. The Clerk shall enter **JUDGMENT** against Neville and close this case.

Dated this 25th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge